THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SCOTT WYSSLING, an individual,<br><br>      Plaintiff,<br>v.<br><br>CHAD SWENSEN, an individual; VALKYRIE BRANDS, LLC, a Delaware Limited Liability Company; VALKYRIE GROUP, LLC, a Utah limited liability company; VALKYRIE GROUP, LLC, a Delaware limited liability company, and DOES 1-99,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:23-cv-00344-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

  Before the court is Plaintiff Scott Wyssling's Short Form Discovery Motion.[1] Plaintiff requests the court order Defendants to "fully, completely, and properly respond to the Discovery Requests and produce to Plaintiff all responsive, nonprivileged documents, not later than August 9, 2024, and grant Plaintiff their attorney fees associated herewith."[2] The court denies the motion.

  This case arises from an investment deal that allegedly turned bad. The current dispute is straight forward. Shortly after this case was commenced, the parties actively sought settlement on multiple occasions. In July 2023, Plaintiff propounded written discovery requests and production of discovery was delayed due to the parties' settlement negotiations. Defendants eventually obtained new counsel and following exchanges by counsel, new counsel informed

---

[1] ECF No. 41.

[2] Mtn. p. 3, ECF No. 41.

Plaintiff's counsel that "Defendants would provide supplemental responses to the Discovery Requests by August 9, 2024."[3] Despite this representation, Plaintiff filed the current motion on July 27, 2024, "in an abundance of caution, and to ensure a complete production by Defendants and the avoidance of further delays."[4]

Defendants argue this motion is "an unnecessary waste of resources" because there was no need for a motion, and no need for a court order requiring Defendants to do something they agreed to do—provide supplemental discovery responses.

The court agrees with Defendants and finds no support for Plaintiff's position. Filing a motion out of "an abundance of caution" is a waste of both the parties' resources and the court. As such Plaintiff's motion is denied and the court will not order fees for misusing the judicial process in seeking a preliminary decision to compel discovery that is already being produced.[5]

Plaintiff's motion is therefore DENIED.

DATED this 2 August 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] Op. p. 2, ECF No. 43.

[4] Mtn. p. 2.

[5] *See, e.g., Child v. Hammond*, 2009 WL 2436591 (D. Utah Aug. 7, 2009) (denying request for attorney fees where a motion to compel was moot).