THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SCOTT WYSSLING, an individual,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>CHAD SWENSEN, an individual; VALKYRIE BRANDS, LLC, a Delaware Limited Liability Company; VALKYRIE GROUP, LLC, a Utah limited liability company; VALKYRIE GROUP, LLC, a Delaware limited liability company, and DOES 1-99,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER and ORDER TO SHOW CAUSE<br><br>Case No. 2:23-cv-00344-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Plaintiff Scott Wyssling seeks to expedite certain discovery requests[1] and moves the court for default judgment as to Defendants Chad Swensen, Valkyrie Brands, and Valkyrie Group.[2] On September 13, 2024, the court granted Defendants' counsel's motion to withdraw.[3] To date Defendants have failed to comply with the requirements of that order. Defendants were ordered to have new counsel enter an appearance within 21 days from the date of that order. No counsel has entered an appearance for Defendants. The court therefore enters an order to show cause as set forth herein in addition to ruling on Plaintiff's motions.

---

[1] ECF No. 45.

[2] ECF No. 50.

[3] ECF No. 49.

I.      **The Motion for Default Judgment is Denied Without Prejudice.**

On October 18, 2024, Plaintiff moved for default judgment and an award of attorney fees against Defendants Chad Swensen, Valkyrie Brands, LLC, and Valkyrie Group LLC. In support Plaintiff cites to this court's order allowing Defendants' counsel to withdraw, and both the Local and Federal Rules.

In its order the court provided "'[a]n unrepresented party who fails to appear within 21 days after entry of [that] order, … may be sanctioned under to Fed. R. Civ. P. 16(f)(1), including entry of a default judgment or an order of dismissal.'"[4] Federal Rule 16(f)(1) provides the court authority to impose sanctions against a party or its attorney who fail to obey court orders. The Local Rules provide that an unrepresented party "may be sanctioned" under Federal Rule 16, including with the "entry of default judgment or an order of dismissal."[5]

Defendants have failed to comply with the court's order. However, at this time the harsh dispositive sanctions sought by Plaintiff are not warranted. Although considered against the backdrop of Rule 37, the Tenth Circuit's guidance in *Ehrenhaus v. Reynolds, et al.*[6] is instructive here. In *Ehrenhaus* the court noted that certain sanctions, such as dismissal, are an extreme sanction only warranted in cases of willful misconduct. Prior to entering such sanctions, the efficacy of lesser sanctions should be tried.[7] The court has yet to try the efficacy of lesser sanctions here.

---

[4] Order dated September 12, 2024, p. 2 (quoting DUCivR 83-1-4(d)).

[5] DUCivR 83-1-4(d).

[6] 965 F.2d 916, 920 (10th Cir. 1992).

[7] *See Supragenix LLC v. Garrity*, No. 2:13-CV-142 CW BCW, 2015 WL 9871636, at *3 (D. Utah Dec. 18, 2015) (noting the need to try the efficacy of lesser sanctions), report and recommendation adopted, No. 2:13-CV-142, 2016 WL 247569 (D. Utah Jan. 20, 2016)

In addition, the Tenth Circuit has noted a preference to decide a case on its merits rather than mere technicalities.[8] Missing one deadline entered by the court while problematic, is not a proper basis for a default judgment because entering such a sanction after missing one deadline, would be akin to deciding a case on a mere technicality.

Accordingly, Plaintiff's Motion for Default Judgment and Attorney Fees is denied without prejudice.

## II.     Plaintiff's Motion for Discovery

On August 2, 2204, the court entered an order denying Plaintiff's Motion for Discovery finding no support for Plaintiff's position.[9] In the new motion Plaintiff outlines his efforts in cooperating to obtain discovery and seeks "all responsive, non-privileged documents" within seven days from a court order.

This motion currently presents some challenge because Defendants still lack counsel. No response has been filed by Defendants and it is unlikely that one will be forthcoming until new counsel makes an appearance. Independent of this challenge, the court has reviewed Plaintiff's discovery requests and Defendants' responses. As noted by Plaintiff, Defendants flatly decline production in many instances asserting the requests are overbroad, unduly burdensome, and seek information outside of the dates of this litigation. Citing to "ample authority" this court has overruled boilerplate objections that do not comply with the specificity required in Rules 33 and 34. Such general objections "neither explain nor preserve anything" and are an "empty, useless traditions that do nothing but make discovery unnecessarily cumbersome."[10] The court is hopeful

---

[8] *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits.").

[9] ECF No. 44.

[10] *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 447, 107 Fed. R. Serv. 3d 417 (D. Utah 2020).

that its prior decision in *Smash Tech* will aide Defendants' new counsel in responding more specifically to Plaintiff's discovery requests.

Further, having reviewed Plaintiff's discovery requests that are the subject of the motion, the court notes that many of them lack a temporal time frame related to the facts of this case. Discovery requests that lack such a limiting time frame have been held by this court to be overbroad.[11] Therefore the court denies Plaintiff's Motion to Compel at this time. Plaintiff is directed to narrow his requests by adding in a relevant time frame to the events in this case and then work with Defendants' new counsel to obtain the requested discovery.

### III. Order to Show Cause

Finally, the court is concerned with Defendants' failure to comply with the court's prior order. Accordingly, Defendants are HEREBY ORDERED to show cause why sanctions should not be entered against them for failure to obtain new counsel as ordered by the court. Defendants are directed to respond in writing within 21 days from the date of this order and inform the court regarding intentions to defend this matter. A failure to do so may result in monetary sanctions and a continued failure to defend this matter will result in dispositive sanctions.

### ORDER

For the reasons set forth above,

Plaintiff's Motion for Default Judgment is DENIED without prejudice;

Plaintiff's Motion for Discovery is DENIED; and

---

[11] *See Bistline v. Snow Christensen & Martineau, P.C.*, No. 2:16-CV-788 TS, 2020 WL 4430466, at *3 (D. Utah July 31, 2020) (agreeing that many of the discovery requests are overbroad and suffer from "an unspecified time frame"); *United Auto. Ins. v. Stucki & Rencher, LLC*, No. 2:15-CV-834 RJS, 2017 WL 4402426, at *2 (D. Utah Oct. 2, 2017) (finding requests overbroad and limiting the time frame); *see also Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 652 (D. Kan. 2006) (considering the temporal scope of requests in relation to overbreadth argments).

Defendants are ORDERED to respond as set forth above concerning their intentions to defend this matter.

IT IS SO ORDERED.

DATED this 5 November 2024.

_____
Dustin B. Pead
United States Magistrate Judge