THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SCOTT WYSSLING, an individual,<br><br>    Plaintiff,<br>v.<br><br>CHAD SWENSEN, an individual; VALKYRIE BRANDS, LLC, a Delaware Limited Liability Company; VALKYRIE GROUP, LLC, a Utah limited liability company; VALKYRIE GROUP, LLC, a Delaware limited liability company, and DOES 1-99,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:23-cv-00344-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Scott Wyssling moves the court for alternative service of non-party subpoenas.[1] Finding good cause for the request, the court grants the motion.

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoenas may be served by "delivering a copy to the named person."[2] Courts have interpreted Rule 45 as allowing service by other means besides person service under Fed. R. Civ. P. 4.[3] Moreover, even if personal service

---

[1] ECF No. 56.

[2] Fed. R. Civ. P. 45(b)(1).

[3] *See* Footnote 6

*See, e.g., OL Priv. Couns., LLC v. Olson*, No. 2:21-CV-00455, 2023 WL 2788634, at *2 (D. Utah Apr. 5, 2023) (unpublished) (granting motion for alternative service of deposition subpoenas); *Ross v. Jenkins*, No. 17-2547, 2019 WL 3453705, at *1–2, 2019 U.S. Dist. LEXIS 127518, at *2–3 (D. Kan. July 31, 2019) (unpublished) (providing Rule 45 service "can include methods of service other than direct, hand-over-hand personal service"); *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 WL 1806200, at *6, 2008 U.S. Dist. LEXIS 123018, at *19 (D. Colo. Apr. 21, 2008) (unpublished) (holding that "effective service under Rule 45 is not limited to hand-to-hand personal service in every case"); *Yost v. K. Truck Lines, Inc*., No. 03-2086, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) (unpublished) (finding Rule 45 does not mandate personal delivery or prohibit alternative service and requires only that "service be made in a manner that reasonably insures actual receipt of the subpoena").

under Rule 4 were required, courts may authorize service by alternative means as permitted under applicable state law.[4] Utah law permits service by alternative means if the "whereabouts of the person to be served [is] unknown and cannot be ascertained through reasonable diligence, ... or if there is good cause to believe that the person to be served is avoiding service."[5]

Plaintiff asserts Defendant Chad Swensen has refused to answer written discovery requests previously served upon him in July 2023. The lack of a response is not surprising as based on the record, Mr. Swensen has been unresponsive to court orders. Given this unresponsiveness Plaintiff seeks to serve multiple companies that are associated with Mr. Swensen by email at chad@valkyriegrp.com and via US mail, to Mr. Swensen's address with the court, 748 N. Explorer Peak Dr. Heber City, Utah 84032. Plaintiff also seeks to serve Mr. Swensen's wife, Lana Swensen, who lives at the same address and appears to also be associated with the Mr. Swensen's companies.

In support of Plaintiff's motion, Plaintiff sets forth multiple attempts to serve the nonparties. These attempts included service on Ms. Swensen, who at times appeared to accept service, and at other times rebuffed attempts by shutting the door on the process server. Based on the evidence provided by Plaintiff, the court finds that Mr. Swensen, Ms. Swensen, and the associated entities are avoiding service. Thus, service by alternative means is warranted. The court further finds that the methods proposed by Plaintiff provide a manner that reasonably insures actual receipt of the subpoenas.[6]

---

[4] *See* Fed. R. Civ. P. 4(e)(1) (providing that service of an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

[5] Utah R. Civ. P. 4(d)(5)(A).

[6] *Yost v. K. Truck Lines, Inc.*, No. CV 03-2086-DJW, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) ("The Court will only require that service be made in a manner that reasonably insures actual receipt of the subpoena ….").

ORDER

Plaintiff's motion for alternative service is granted.

1. Plaintiff may serve Mr. Swensen and the named nonparties by service on Mr. Swensen at chad@valkyriegrp.com, and via US mail, postage prepaid, to 748 N. Explorer Peak Dr., Heber City, UT 84032, which is the address on record with the court.

2. Plaintiff may also serve Ms. Swensen and the named nonparties by the same means – email at chad@valkyriegrp.com, and via US mail, postage prepaid, to 748 N. Explorer Peak Dr., Heber City, UT 84032.

IT IS SO ORDERED.

DATED this 6 January 2025.

_____
Dustin B. Pead
United States Magistrate Judge