IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SCOTT WYSSLING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHAD SWENSEN, an individual; VALKYRIE BRANDS, LLC, a Delaware limited liability company; VALKYRIE GROUP, LLC, a Utah limited liability company; VALKYRIE GROUP, LLC, a Delaware limited liability company; and DOES 1–99,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING PARTIAL ATTORNEY'S FEES AND DENYING COSTS**<br><br>Case No. 2:23-cv-00344-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Scott Wyssling's motion for attorney's fees and costs. (ECF No. 89.) For the reasons stated below, the court grants in part and denies in part Mr. Wyssling's motion.

## BACKGROUND

Mr. Wyssling filed this fraud and conversion action on May 26, 2023, against Defendants Chad Swensen, Valkyrie Brands, LLC, Valkyrie Group, LLC (Utah), Valkyrie Group, LLC (Delaware), and Does 1–99, alleging that the Defendants inflated their projected values and omitted and concealed losses to induce Mr. Wyssling to invest $2,000,000 in the Valkyrie entities, money which Mr. Swenson has instead used for his personal benefit. (See Compl., ECF

No. 1; Pl's. Second Mot. for Sanctions and Default J., ECF No. 55 at 10–12.) While the case has now been resolved by a default judgment entered against the Defendants (ECF No. 81), the court has previously admonished both parties for their mutual delays and conduct during discovery. The court summarizes the case timeline below.

On June 1, 2023, the court ordered the parties to propose a case schedule. (Sched. Order dated June 1, 2023, ECF No. 11.) The next day, the Defendants filed their Answer to the Complaint. (ECF No. 12.) Mr. Wyssling served the Defendants with written discovery requests on July 9, 2023. (E.g., Plaintiff's Second Mot. Compel, ECF No. 45 at 1.) But discovery stalled while the parties entered their first round of settlement negotiations. (Id.) On October 31, 2023, having still not received the parties' proposed scheduling order, the court set a case status conference for November 28, 2023, at which the parties explained that their months-long settlement negotiations had broken down. The parties eventually submitted their first proposed scheduling order on December 7, 2023 (ECF No. 28), which the court entered. (Sched. Order dated Dec. 11, 2023, ECF No. 37.)

The Defendants served their initial responses and objections to Mr. Wyssling's discovery requests on February 16, 2024, refusing to respond or produce documents and objecting to the requests as overbroad. (Defs.' Discovery Resps. and Objs., ECF No. 41-1; Pl's. First Mot. Compel, ECF No. 41 at 2.) Mr. Wyssling made several failed attempts to schedule a meet and confer in that period with the Defendants' counsel regarding the discovery responses, eventually scheduling a meeting for April 17, 2024. (ECF No. 41 at 2.) But no progress was made at the April 17, 2024 meet and confer because the Defendants' counsel informed Mr. Wyssling that he had been replaced by substitute counsel and therefore lacked the authority to confer. (Id.; see also Defs.' Substitution of Counsel, ECF No. 39.) After the Defendants' new counsel, Jeremy

2

Adamson, made his appearance (ECF No. 39), the parties renewed their settlement efforts, which ended with a failed mediation in June 2024. (ECF No. 41 at 2.)

In July 2024, more than a year after this case was filed, the parties resumed discovery. Mr. Adamson at first advised Mr. Wyssling's counsel that he lacked client authorization to supplement the Defendants' discovery responses. Mr. Adamson later promised to serve the Defendants' supplemental responses by August 9, 2024. (ECF No. 41 at 2.) But before the Defendants had the opportunity to serve supplemental responses, Mr. Wyssling filed his first motion to compel on July 27, 2024 (ECF No. 41), which the court denied as a "waste of both the parties' resources and the court['s]." (Order Denying Mot. Compel dated Aug. 2, 2024, ECF No. 44.) The Defendants provided supplemental responses to Mr. Wyssling's discovery requests on August 9, 2024, promising that the Defendants would produce responsive documents. (ECF No. 45-2.) When he did not receive the bulk of these documents, Mr. Wyssling filed a second motion to compel the Defendants' discovery responses on August 26, 2024. (Second Mot. Compel, ECF No. 45.) On August 29, 2024, Mr. Adamson moved to withdraw as the Defendants' counsel (ECF No. 46), which the court allowed, directing the Defendants to obtain new counsel within 21 days of the order in accordance with the court's local rules. (Order Granting Mot. Withdraw dated September 13, 2024, ECF No. 49.)

But the Defendants failed to appoint new counsel within 21 days. As a result, on October 18, 2024, Mr. Wyssling moved for default judgment and an award of attorney's fees against Defendants Chad Swensen, Valkyrie Brands, LLC, and Valkyrie Group LLC, and again requested that the court order the Defendants to respond to Mr. Wyssling's discovery requests. (First Mot. Default J., ECF No. 50.) On November 5, 2024, the court denied Mr. Wyssling's First Motion for Default Judgment on the basis that such a harsh penalty was not yet warranted

given the Defendants had missed just one deadline. (Order dated Nov. 5, 2024, ECF No. 54.) The court simultaneously issued an order to show cause why sanctions should not be entered against the Defendants for failure to obtain new counsel, directing the Defendants to respond within 21 days to "inform the court regarding [their] intentions to defend this matter." (Id. at 4.) The court warned that a failure to respond to the order to show cause "may result in monetary sanctions and [that] a continued failure to defend this matter will result in dispositive sanctions." The court also denied Mr. Wyssling's Second Motion to Compel, directing Mr. Wyssling to 1) narrow his discovery requests by adding a relevant time frame, and 2) work with the Defendants' new counsel to reach a resolution on the discovery dispute. The court acknowledged, however, that Mr. Wyssling's Second Motion to Compel "presents some challenge because Defendants still lack counsel." (Id. at 3–4.)

The Defendants nonetheless failed to appoint new counsel and respond to the court's November 5, 2024 order to show cause. Accordingly, Mr. Wyssling submitted his Second Motion for Default Judgment for $2,000,000, the investment the Defendants allegedly misappropriated, and further requested that the court grant attorney's fees for the work associated with his motions for sanctions and default judgment and his attempts to compel the Defendants' participation in discovery. (ECF No. 55.)

The court denied Mr. Wyssling's second motion for default judgment without prejudice, determining that 1) Mr. Wyssling had not been prejudiced by the delay, 2) the Defendants had not yet received "full notice" that dismissal was a likely result of their failure to comply, and 3) lesser sanctions had not yet proven to be ineffective. (Order dated Jan. 17, 2025, ECF No. 62 at 6–8.) The court did, however, grant in part Mr. Wyssling's requests for costs and attorney's fees associated with drafting his first two motions for default judgment and sanctions, attending

4

the court's January 14, 2025 hearing, and preparing and defending his fee application. (Id. at 8.) The court declined to award Mr. Wyssling additional attorney's fees related to the costs he incurred in seeking discovery from the Defendants and third-party sources and case delays because, as it had previously determined, Mr. Wyssling's discovery requests were overbroad and both parties shared responsibility for significant delays in the case's adjudication. (Id. at 7–8.) The court ordered the Defendants to obtain new counsel within four days. (Id.)

On January 21, 2025, the Defendants obtained new attorneys (Nots. Appearance, ECF Nos. 63–64, 68), who shortly thereafter moved to withdraw, citing a breakdown in their relationship with their client and their client's refusal to participate in discovery. (Mot. Withdraw, ECF No. 75.) The court held a hearing on this motion on March 17, 2025. (ECF No. 78.) Specifically, Jamie Thomas, one of the Defendants' new defense attorneys, explained that she had notified the Defendants repeatedly through phone calls, emails, and Zoom meetings that they were required to provide the requested discovery, but that the Defendants nonetheless refused to participate in their defense. (Id.) The court granted the attorneys' motion to withdraw and instructed Mr. Wyssling to file another motion for default judgment. (Order dated March 17, 2025, ECF No. 79.)

Mr. Wyssling filed his Third Motion for Default Judgment on March 28, 2025 (ECF No. 80), seeking actual damages, punitive damages and attorney's fees "consistent with the court's prior sanctions order." On April 10, 2025, the court granted the Third Motion for Default Judgment in part. (ECF No. 81.) It granted in full Mr. Wyssling's request for actual damages ($2,000,000) with prejudgment interest, denied Mr. Wyssling's request for lost "opportunity costs," and granted in part and denied in part Mr. Wyssling's request for punitive damages. (Id. at 16–22.) Regarding Mr. Wyssling's request for attorney's fees, the court awarded attorney's

fees associated with: 1) Mr. Wyssling's motions for default judgment and sanctions; 2) preparation for and attendance at the court's March 17, 2025 hearing; and 3) preparation and defense of his fee application, instructing Mr. Wyssling to submit an attorney's fees application. (Id. at 22.)  The court issued a final judgment in the amount of $3,330,446 on April 28, 2025. (Final Judgment, ECF No. 86.)  The court also granted Mr. Wyssling's attorney's fees application, awarding him $10,041.50.  (Order Granting Mot. Attorney's Fees, ECF No. 88.)

Mr. Wyssling filed a second motion for attorney's fees later that day, seeking $101,661.50 in attorney's fees and $8,148.78 in costs associated with case delays and his pursuit of discovery.  (See Second Mot. Attorney's Fees, ECF No. 89 at 3.)  Mr. Wyssling argues:

> [B]ecause Defendants refused to engage in the discovery process, Plaintiff was left with no choice but to have counsel spend numerous, costly hours preparing myriad subpoenas, researching state records, business records, property records, articles, social media, and the internet generally in an attempt to find a portion of the information sought from Defendants in Plaintiff's discovery requests. Defendants even interfered with service of process of non-party subpoenas.

(Id. at 2–3.)  Accompanying Mr. Wyssling's motion is a Declaration from his attorney, Krystaly Koch, along with an exhibit listing the legal work that Ms. Koch's firm billed to the case between May 5, 2023 and April 2, 2025.[1]  (See Decl. Krystaly Koch, ECF No. 89-1 at ¶ 13; Koch Decl. Ex. A (Calculation of Additional Attorney Fees), ECF No. 89-2.)

## ANALYSIS

### I.      Attorney's Fees

Mr. Wyssling asks the court to sanction the Defendants under Rules 16 and 37 of the Federal Rules of Civil Procedure for their violation of court orders and local rules and abuse of

---

[1] Ms. Koch represents that her Calculation of Additional Attorney's Fees does not include attorney's fees related to the parties' settlement negotiations or her firm's "pre-litigation and general litigation" work on the case.  (ECF No. 89 at 3.)  The exhibit also omits any billed time for which sanctions have already been awarded.

the discovery process. Under the Federal Rules of Civil Procedure, the court has the discretion to issue sanctions with an award of legal expenses incurred when a party fails to engage in good faith in the discovery process, Fed. R. Civ. P. 37(b)(2)(B), or "fails to obey a scheduling or other pretrial order" without substantial justification. Fed. R. Civ. P. 16(f)(1). For the reasons discussed below, the court grants a partial award of attorneys' fees.

As an initial matter, Mr. Wyssling argues that the court is required to impose sanctions under Rule 37 of the Federal Rules of Civil Procedure. (ECF No. 89 at 2.) But contrary to Mr. Wyssling's misstatement of the relevant law, the court is only <u>required</u> to impose sanctions under Rule 37 if a party fails to "attend its own deposition, serve answers to interrogatories, or respond to a request for inspection." Fed. R. Civ. P. 37(b)(2)(A)(i). Mr. Wyssling has not demonstrated that the Defendants committed any of the listed discovery abuses <u>requiring</u> sanctions—indeed, the court already determined that Mr. Wyssling's discovery requests were overbroad, therefore justifying the Defendants' refusal to respond. (ECF No. 62 at 8.) And Mr. Wyssling has not demonstrated that he ever narrowed his overbroad discovery requests. Accordingly, the court's ability to craft and impose sanctions under Rule 37 is discretionary—not mandatory.

Nor is the court <u>required</u> to impose sanctions on the Defendants under Rule 16 of the Federal Rules of Civil Procedure given that it has already awarded Mr. Wyssling his attorney's fees under Fed. R. Civ. P. 16(f)(1) for the Defendants' unexcused noncompliance with the court's order to appoint counsel. (<u>See</u> ECF No. 62 at 8.)

Under its discretionary power to impose sanctions, the court denies Mr. Wyssling's request for attorney's fees to the extent it seeks reimbursement for attorney's fees incurred on or before January 17, 2025. The court already denied Mr. Wyssling this exact requested relief in its January 17, 2025 Order, in which the court considered whether to impose sanctions based on the

Defendants' refusal to engage in discovery in good faith.  (See ECF No. 62.)  Reiterating the court's prior reasoning, the record shows that Mr. Wyssling was mutually responsible for many delays and increased costs in litigating this case through January 17, 2025.  (See id. at 2, 7–8 (describing the parties' joint failure to follow the court's order to propose a case schedule); see also ECF No 44 (describing Mr. Wyssling's motion to compel as a "waste of both the parties' resources and the court]'s]").)  Further, as the court has already recognized, some of the Defendants' delays up until that date were justified, given the overbroad discovery requests.  (Id.)  For these reasons, the court again denies Mr. Wyssling's request for attorney's fees incurred on or before January 17, 2025.

The court next turns its attention to the attorney's fees that Mr. Wyssling incurred since the court's January 17, 2025 Order.  As the court recognized in its April 10, 2025 Order Granting Default Judgment, Mr. Wyssling diligently pursued his claims from January 17, 2025 forward while the Defendants, by contrast, abused the discovery process and repeatedly disregarded the court's orders to obtain new counsel.  (See ECF No. 81 ("[W]hile both parties have, in the past, shared some mutual responsibility for delays, it is clear now that the Defendants have a pattern of deliberate disregard for the court's orders (ECF Nos. 49, 63) and the governing procedural rules.  Mr. Wyssling has, in this stage of the proceeding, diligently tried to work with the Defendants to move the case forward.").)  The court therefore finds that it is reasonable and just to award Mr. Wyssling his attorney's fees from January 18, 2025, through the present date.  Based on Ms. Koch's Calculation of Additional Attorney's Fees (ECF No. 89-2), Mr. Wyssling is therefore awarded $7,634.50 in attorney's fees.  (See ECF No. 89-2.)

8

## II.   Costs

Mr. Wyssling also seeks reimbursement for $8,148.78 in costs incurred throughout this litigation, including spending on postage, subpoenas, entity information, asset searches, service of process, file conversion, and mediation, among other items. (ECF No. 89-2.) Under Rule 54 of the Federal Rules of Civil Procedure, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As other courts in the Tenth Circuit have consistently held, Mr. Wyssling, as a plaintiff who secured a default judgment, is a "prevailing party" entitled to reimbursements for certain costs. See, e.g., AMEC Earth & Env't, Inc. v. SolSource Energy Sols., LLC, 2012 WL 3757479, at *2 n.2 (D. Colo. Aug. 27, 2012). But in this District, costs are taxed by the Clerk of Court, and Mr. Wyssling must comply with the District's standard procedures for filing a bill of costs to obtain an award of costs. See DUCivR 54-1.

The court's local rules dictate the process for prevailing parties to seek costs. See DUCivR 54-1. Specifically, "a party seeking taxation of costs must use the bill of costs form on the court's website" along with a supporting memorandum that clearly and concisely itemizes and describes the alleged costs. DUCivR 54-1(b)(1–2). The party's memorandum must verify these costs with the inclusion of and reference to "copies of applicable invoices, receipts, and disbursement costs." DUCivR 54-1(b)(2)(i). Further, the party seeking costs must "identify the statutory basis for seeking reimbursement of these costs under 28 U.S.C. § 1920." Id. The prevailing party's "failure to itemize and verify costs may result in costs being disallowed." DUCivR 54-1(b)(2)(ii).

The court finds that Mr. Wyssling disregarded this court's rules for how to submit a bill of costs by failing to provide 1) proof (invoices and receipts) of his costs; 2) the statutory basis

9

for any right to reimbursement, and 3) sufficient detail explaining why each expense was necessary. The court is also skeptical that Mr. Wyssling is entitled to recover some of the costs included in Ms. Koch's Calculation of Additional Attorney's Fees, like, for example, the excessive fees charged in connection with subpoenas. (See ECF No. 89-2.)

For these reasons, the court denies with prejudice Mr. Wyssling's request for costs.

## ORDER

For the foregoing reasons, the court GRANTS in part and DENIES in part Mr. Wyssling's motion (ECF No. 89) and awards attorney's fees in the amount of $7,634.50.

DATED this 17th day of June, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge