THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SCOTT WYSSLING, an individual,<br><br>Plaintiff,<br>v.<br><br>CHAD SWENSEN, an individual; VALKYRIE BRANDS, LLC, a Delaware Limited Liability Company; VALKYRIE GROUP, LLC, a Utah limited liability company; VALKYRIE GROUP, LLC, a Delaware limited liability company, and DOES 1-99,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING EX PARTE MOTION<br><br>Case No. 2:23-cv-00344-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Scott Wyssling's *ex parte* motion to join parties, freeze assets, and alternative service.[1] The court will deny the motion.

As noted by the court previously, on April 28, 2025, the court entered judgment in the amount of $3,330,446 against Defendants Chad Swensen, Valkyrie Brands, LLC, Valkyrie Group, LLC (Utah), and Valkyrie Group, LLC (Delaware).[2] Following judgment the court has entered various orders in response to Plaintiff's collection efforts.

Recently, the court denied Plaintiff's motion for temporary restraining order and other relief.[3] In that order, the court provided:

---

[1] ECF No. 101. Judge Tena Campbell originally referred this matter pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition of nondispositive pretrial matters. ECF No. 10. This case is now in the post judgment stage where Plaintiff is pursuing collection efforts.

[2] Judgment in a Civil Case, ECF No. 87.

[3] Order Denying Motion for Temporary Restraining Order and Other Relief, ECF No. 100.

> Before the court is Plaintiff Scott Wyssling's motion for a temporary restraining order, to join parties, for a preliminary injunction, and for alternative service. (ECF No. 98.) But the court has already issued judgment in this matter and has no jurisdiction to join new defendants or to issue a temporary restraining order or preliminary injunction. The Plaintiff may, however, request supplementary proceedings to aid in the execution of the court's judgment. Indeed, the Plaintiff has already done so.[4]

The court directed Plaintiff to Rule 69 of the Federal Rules of Civil Procedure that provides "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."[5] The court also noted that as set forth in a prior order, "the court may hold supplemental proceedings or an evidentiary hearing to aid Plaintiff in the pursuit of collecting its judgment against the non-parties."[6]

Plaintiff's current motion seeks an "order freezing the assets of Defendants, Lana Swensen, and Blue Lion LLC, joining Lana Swensen and Blue Lion, LLC as parties, and authorizing alternative service of subpoenas."[7] In support Plaintiff reiterates many of the same arguments the court found unpersuasive in denying Plaintiff's Motion for a Temporary Restraining Order and other relief. For example, in support of the requests, Plaintiff once again notes the funnel through accounts, risk of continued dissipation of assets, the interest and integrity of judicial proceedings in granting the requested relief and Federal Rule 25(c). Given the nearly identical irreparable-harm framework, the court is not persuaded to join nonparties without proper service of a motion. Nor will the court freeze assets of parties not yet in this

---

[4] *Id.* at 1.

[5] Fed. R. Civ. P. 69(a)(1).

[6] Order, Aug. 1, 2025, ECF No. 98 at 3.

[7] Motion at 1.

litigation. The record indicates the current *ex parte* motion was not served on Lana Swensen or Blue Lion LLC.

Federal Rule 25(c) provides, "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."[8] A motion must be served as provided for in Rule 25(a)(3), which indicates that a motion to substitute, along with a notice of hearing, must be served on nonparties as set forth in Rule 4. Thus, it is improper to join or substitute nonparties without proper service. The authority relied on by Plaintiff, does not provide for the freezing of assets of nonparties or joining them without proper service. Further Rule 25(c) does not authorize the freezing of assets because joinder is sought.

Finally, Plaintiff seeks alternative service for subpoenas. In support Plaintiff provides the following:

> Lana Swensen accepted service of subpoenas for nonparties Blue Lion, LLC and Bleu Grave, LLC on September 13, 2024 at 748 N. Explorer Peak Dr., Heber City, UT 84032. Thereafter, the Swensens either left the Explorer Peak Address or lied to service processors to avoid service of multiple subpoenas. ECF No. 56. Even when service was effectuated as ordered by this Court, the subpoenas were never answered.
>
> Plaintiff previously attempted service through all means available to them. Service was attempted through service processor at the non-parties registered addresses where service would not be accepted or the non-parties did not reside. Although the principal location for Blue Lion, LLC (of which Lana is the registered agent) is still listed as the N. Explorer Peak Dr. address, the new mailing address was updated on September 3, 2025 to:
>
> PO Box 38
> Newport Beach, CA 92662[9]

---

[8]

[9] Motion at 10-11.

3

Given these circumstances, Plaintiff requests it be allowed to serve subpoenas on Lana Swensen and Blue Lion, LLC via US Mail, postage prepaid to the PO Box set forth above.

Because the court declines to join Lana Swensen and Blue Lion, it denies Plaintiff's request for alternative service for subpoenas. The method and manner of serving subpoenas may be determined at a future date once a Rule 25(c) is properly served on any nonparties. Plaintiff may look to Federal Rule 4 and the Utah Civil Rules of Procedure in seeking to serve the nonparties in this case. Plaintiff may seek to enforce the judgment against Defendants in this matter and may seek to substitute nonparties if service is proper in accordance with the Rules.

Accordingly, Plaintiff's Motion is DENIED at this time.

IT IS SO ORDERED.

DATED this 14 January 2026.

_____
Dustin B. Pead
United States Magistrate Judge